WILLIS R. WATT, APPELLEE, v. GEORGE D. GOLAY,
APPELLANT.

FILED APRIL 3, 1915.   No. 18050.

Record examined, and its substance set out in the opinion, *held* free
from error.

APPEAL from the district court for Kearney county:
HARRY S. DUNGAN, JUDGE.   *Affirmed.*

*Ralph E. Adams* and *J. L. McPheely,* for appellant.

*Hague & Anderbery* and *F. L. Carrico, contra.*

LETTON, J.

This was an action for money paid to defendant's use.
The answer was a general denial.   Plaintiff recovered
judgment, and defendant appeals.

The evidence for plaintiff seems to establish the follow-
ing facts:  Plaintiff is a dealer in horses in Minden.  He
is a stockholder and officer in the Denver Horse & Mule
Commission Company, a corporation engaged in buying
and selling horses and mules in Denver, Colorado.  Gor-
don Hollis is president of that company, and lives in Den-
ver.   In 1911 Emery Golay, a young man living in Kear-
ney county, Nebraska, had taken some horses to Denver
to sell.   While there he exchanged these horses with Hollis
for an undivided half interest in an automobile.   The
young man, with one Oberg, who was with him, believing
they had a right to the possession of the machine, started
homeward with it.   They had reached North Platte when
they were arrested upon the charge of larceny of the auto-
mobile, preferred by Hollis in Denver.   Golay notified his
father, the defendant in this case.   Golay senior procured
the assistance of Mr. Watt, with whom he had been ac-
quainted many years, to secure the release of Emery, and,
after some negotiations, Hollis authorized Watt to sell his
interest in the automobile to defendant for $750.   The fa-

Watt v. Golay.

ther did not have the money on hand, and Watt agreed to advance it to Hollis, Golay agreeing to repay it in a few days. The money was paid by proper charge to Watt and credit to Hollis on the books of the corporation. Thenceforward Hollis made no claim to any interest in the automobile, and defendant admits that he paid the garage charges at North Platte, procured the machine there, and ran it home. Defendant refused to pay Watt the money which he had advanced, and this action followed.

For the defense, Mr. Golay testified that he purchased the automobile for $750, on condition that "they would release this suit at North Platte and withdraw the papers from the Governor," but that neither the suit nor the requisition papers were withdrawn at that time, and it was necessary for him and Mr. Watt to go to North Platte and to Lincoln before the matter was settled. He denies that he ever authorized Watt to pay for the one-half interest in the automobile, or that he agreed to pay Watt if he did so.

It is contended that the court erred in excluding a written agreement drawn up at the time plaintiff says the contract was made, signed by Emery Golay, and Hollis, by Willis R. Watt, that, in consideration of the settlement, Hollis would dismiss the prosecution. We cannot see the relevancy of this testimony. The defense is a general denial. Whether a contract was made between Emery Golay and Hollis to dismiss the prosecution could throw no light on the question whether the elder Golay agreed that Watt should pay Hollis for the automobile and that he would pay Watt thereafter, which is the only disputed matter in the case.

It is also objected that the court admitted in evidence a letter to Watt from Hollis. This letter states, among other things: "I have deducted from the amount of your sales the $750 for the automobile, as you requested in your last letter." This tended to prove that Watt had made the payment for the automobile to Hollis, and was properly received. The mere fact that the letter contained reference to other matters is immaterial, and did not prejudice defendant.

We find no error in the instructions, and the evidence is sufficient to sustain the verdict. The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.